# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52416-3-II |
| Respondent, | |
| v. | |
| ISIDRO LYNN APODACA, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Isidro L. Apodaca appeals his unlawful possession of a stolen vehicle conviction. He challenges the trial court's refusal to give his abandoned property jury instruction and its imposition of interest on nonrestitution legal financial obligations (LFOs). The State concedes that the interest accrual provision on nonrestitution LFOs should be stricken. We affirm Apodaca's conviction, but we remand to the sentencing court to strike the interest provision on nonrestitution LFOs.

FACTS

On February 1, 2018, William Marks discovered his green Honda Civic was missing. He had parked his locked vehicle at his apartment complex the night before. Marks reported to the police that his vehicle had been stolen.

The next day, Keola Ceridon, an asset protection team leader for a department store, observed a man and a woman in the parking lot with a stick object poking through the window of

a green Honda Civic. The man appeared to be trying to open the window of the car. The two individuals eventually got into the vehicle and drove across the street to another parking lot. Ceridon called the police.

Officer Brian VanSickle responded and found the Honda in the parking lot. VanSickle ran the license plate through dispatch and discovered the vehicle was stolen. As he drove around to the front of the car, VanSickle saw a man, later identified as Apodaca, walking away from the back of the car. VanSickle stopped Apodaca. As VanSickle patted Apodaca down for weapons, Apodaca said, "'Just let her go. She didn't know the vehicle was stolen,'" referring to the woman with him. 2 Verbatim Report of Proceedings (VRP) (August 20, 2018) at 213.

Officer Vansickle then arrested Apodaca and he again stated, "'Let her go. She did not know.'" 2 VRP (August 20, 2018) at 214. Apodaca told the officer he got the car in Kent, that he knew he should not have taken it, but he was cold. Apodaca then stated that someone else had already taken the car and he had gotten it off the side of the road. VanSickle found shaved keys and a file in Apodaca's pockets.[1]

The State charged Apodaca with unlawful possession of a stolen vehicle. During trial, Marks testified that his locked vehicle was taken from where he had parked it the night before and that he did not give anyone permission to use his vehicle. He also testified that when he retrieved his vehicle after Apodaca's arrest, the ignition was "punched in" and the plastic between the dash and steering wheel was removed. 2 VRP (August 20, 2018) at 177-78. Officer VanSickle testified

---

[1] Shaved keys have the edges filed down so you "can use them to jiggle to start vehicles." 2 VRP (August 20, 2018) at 216.

to Apodaca's statements that the woman did not know the car was stolen, he took the vehicle because he was cold, and he got it off the side of the road.

Apodaca requested the following jury instruction: "Abandoned property is not the property of another. Property is abandoned when the owner intentionally gives up possession of the property." Clerk's Papers (CP) at 18. The trial court declined to give the proposed instruction, concluding, "In this particular case, I do not believe [the instruction] factually or legally fits the facts within this case." 2 VRP (August 20, 2018) at 247. The trial court clarified that assuming Apodaca's statement was true, "[t]he fact that [the vehicle] was left by the side of the road would also imply that a person had left to go get a tow truck, or some other such thing" and would not support that the vehicle was abandoned. 2 VRP (August 20, 2018) at 249. Thus, "there is not, to this Court's mind, sufficient facts before the trier of fact in order to make that particular argument." 2 VRP (August 20, 2018) at 249.

The trial court also stated that Apodaca could still argue to the jury that he did not have knowledge the vehicle was stolen. Defense repeatedly argued to the jury that Apodaca did not know the vehicle was stolen. Specifically, defense counsel argued to the jury that if someone else stole the car and abandoned it on the side of the road, then it was "not a crime" for Apodaca to take possession of the vehicle. 2 VRP (August 20, 2018) at 273. Defense counsel also argued to the jury that the evidence suggested that Apodaca did not know the car was stolen "until he was arrested." 2 VRP (August 20, 2018) at 274.

The jury found Apodaca guilty as charged. The sentencing court found Apodaca indigent. Apodaca's judgment and sentence includes a boilerplate interest provision, stating, "The financial

3

obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." CP at 79. Apodaca appeals.

ANALYSIS

A.   JURY INSTRUCTION

Apodaca argues that the trial court erred by refusing to provide his proposed jury instruction regarding abandoned property. He further argues the trial court's refusal to provide his proposed jury instruction denied Apodaca his constitutional right to present a defense. We disagree.

1.   Legal Principles

We review a trial court's refusal to give a proposed jury instruction based on lack of evidence for an abuse of discretion. *State v. Ehrhardt*, 167 Wn. App. 934, 939, 276 P.3d 332 (2012). A court abuses its discretion when its ruling is manifestly unreasonable or based on untenable grounds. *State v. Salgado-Mendoza*, 189 Wn.2d 420, 427, 403 P.3d 45 (2017). A party is entitled to a jury instruction on a theory of the case when evidence exists in the record to support the party's theory. *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986).

Criminal defendants have a constitutional right to present a defense. U.S. CONST. amends. V, VI, XIV; WASH. CONST. art. I, §§ 3, 22; *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). However, "[t]his right is not absolute." *State v. Arredondo*, 188 Wn.2d 244, 265, 394 P.3d 348 (2017). The defendant's right to present a defense is subject to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302; *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 296, 359 P.3d 919 (2015).

When reviewing trial court discretionary rulings that potentially implicate constitutional rights, we engage in a "two-step review process." *See State v. Arndt*, ___ Wn.2d ___, 453 P.3d 696, 703 (2019) (concerning discretionary evidentiary rulings) (citing *State v. Clark*, 187 Wn.2d 641, 648-56, 389 P.3d 462 (2017)). We first review whether there has been an abuse of discretion and then consider de novo the constitutional question of whether the ruling deprived the defendant of his or her Sixth Amendment right to present a defense. *Id.*

2.       No Abuse of Discretion

Apodaca requested that the jury be instructed that "[a]bandoned property is not the property of another. Property is abandoned when the owner intentionally gives up possession of the property." CP at 18. Apodaca argues this jury instruction was necessary to show he did not have knowledge that the vehicle was stolen.[2] But there must be evidence in the record to support Apodaca's theory that the vehicle was abandoned. *Hughes*, 106 Wn.2d at 191. There is not.

Here, there is no evidence that Marks, the owner of the vehicle, intentionally gave up possession of the vehicle. Rather, the overwhelming evidence showed that the vehicle was not abandoned. The vehicle's owner testified he parked his locked vehicle outside his apartment in Kent and did not give permission for anyone to drive it. The next day after the vehicle was reported stolen, Apodaca was seen with the vehicle. The vehicle's ignition was "punched in" and the plastic between the dash and steering wheel was removed. 2 VRP (August 20, 2018) at 177. Apodaca

---

[2] Under RCW 9A.56.068(1), a "person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." "Possessing stolen property" is defined as "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner." RCW 9A.56.140(1).

twice told the officer that the woman he was with did not know the vehicle was stolen, but did not reference his own knowledge. Instead, Apodaca told VanSickle he got the car in Kent and that he knew he should not have taken it, but he was cold. He later told VanSickle that someone else had already taken the vehicle and he just got it off the side of the road. VanSickle found shaved keys and a file in Apodaca's pockets.

The trial court declined to give Apodaca's proposed instruction, concluding, "In this particular case, I do not believe [the instruction] factually or legally fits the facts within this case." 2 VRP (August 20, 2018) at 247. The trial court clarified that assuming Apodaca's statement about finding the vehicle on the side of the road was true, "that . . . would . . . imply that a person had left to go get a tow truck, or some other such thing" and would not support that the vehicle was abandoned. 2 VRP (August 20, 2018) at 249. The trial court also stated that Apodaca could still argue to the jury that he did not have knowledge the vehicle was stolen, which he did.

Because the evidence in the record did not support Apodaca's proposed jury instruction, the trial court's ruling was not manifestly unreasonable. Thus, there was no abuse of discretion.

3. Right To Present a Defense

Turning to Apodaca's argument that he was denied his constitutional right to present a defense, the State was required to prove that Apodaca knew that the vehicle was stolen. RCW 9A.56.068(1); RCW 9A.56.140(1). Defense counsel argued during closing arguments that Apodaca did not know the vehicle was stolen. Specifically, defense counsel argued that if someone else stole the car and abandoned it on the side of the road, then it was "not a crime" for Apodaca to take possession of the vehicle. 2 VRP (August 20, 2018) at 273. Defense counsel also argued

that the evidence suggested that Apodaca did not know the car was stolen "until he was arrested."
2 VRP (August 20, 2018) at 274.

Accordingly, Apodaca's proposed jury instruction was not necessary in order for him to argue that he did not know the vehicle was stolen. He, therefore, fails to show that omission of his proposed jury instruction limited his right to present a defense.[3]

B.    LFOs

Apodaca challenges the provision of his judgment and sentence imposing interest on nonrestitution LFOs in light of *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes that the interest accrual provision on nonrestitution LFOs should be stricken. We accept the State's concession.

Currently, the LFO statutes prohibit sentencing courts from imposing interest accrual on the nonrestitution portions of LFOs. RCW 10.82.090(2)(a); *Ramirez*, 191 Wn.2d at 746-47 (2018 legislative amendments apply prospectively to all cases pending on direct review and not final when the amendment was enacted). Therefore, we accept the State's concession that the interest accrual provision on nonrestitution LFOs should be stricken, and we remand to the sentencing court to strike the interest accrual provision on nonrestitution LFOs from Apodaca's judgment and sentence.

We affirm Apodaca's conviction, but we remand to the sentencing court to strike the interest provision on nonrestitution LFOs.

---

[3] Based on our disposition of this case, we need not reach the State's harmless error argument.

No. 52416-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, A.C.J.

Lee, A.C.J.

We concur:

Worswick, J.

Cruser, J.